IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| LUCAS CANTON SCHNEIDER,<br><br>              Plaintiff,<br><br>      v.<br><br>UNKNOWN NAMED GOVERNMENT OF U.S.A.,<br><br>              Defendants. | Case No. 3:24-cv-00275-RRB |

## **ORDER OF DISMISSAL**

On December 17, 2024, self-represented litigant Lucas Canton Schneider ("Plaintiff") filed a complaint, a civil cover sheet, an application to proceed without paying the filing fee, and a motion for an emergency injunction.[1] Plaintiff claims that since June 2014, unknown government officials have conspired against him, harassed him, poisoned him, and "put a death order" on him.[2] For relief, Plaintiff seeks $12 million in damages, his rights reinstated, a declaration that he will be left alone, access to medical treatment, and for a hearing about the 2014 house fire investigation.[3]

The Court now has screened Plaintiff's Complaint in accordance with 28 U.S.C. §§ 1915(e) and 1915A. Upon review, the Complaint fails to state a

---

[1] Dockets 1–4.

[2] Docket 1 at 3.

[3] Docket 1 at 5.

plausible claim for relief and his claims appear to be time-barred by the statute of limitations.[4] Further, the Court finds this case both frivolous and duplicative of prior lawsuits that have been dismissed as frivolous.[5] The Court takes judicial notice of the federal lawsuits filed by Plaintiff containing similar allegations that have been dismissed by the Court of an ongoing conspiracy by unnamed individuals.[6] Plaintiff may not repeatedly file claims that previously have been dismissed with prejudice.[7] Therefore, this case must be DISMISSED with prejudice.

**IT IS THEREFORE ORDERED:**

1. This case is **DISMISSED with prejudice.**

2. Plaintiff's motion to proceed without prepaying the filing fee at **Docket 3 is DENIED as moot.**

3. Plaintiff's motion for an emergency injunction at **Docket 4 is DENIED as moot.**

---

[4] STATUTE OF LIMITATIONS, Black's Law Dictionary (12th ed. 2024). *See also Belanus v. Clark,* 796 F.3d 1021, 1024–25 (9th Cir. 2015) (affirming dismissal of *pro se* complaint upon screening pursuant to 28 U.S.C. § 1915A, in part, because prisoner's complaint, on its face, appeared to be untimely and barred by the applicable statute of limitations).

[5] *Cato v. United States,* 70 F.3d 1103, 1105 n.2 (9th Cir. 1995) (citation and quotation omitted).

[6] *See, e.g., Schneider v. Unknown Named F.B.I. Agent(s),* Case No. 3:23-cv-00261-JMK (dismissing claims against unnamed FBI agents); *Schneider v. Winkelman, et al.,* Case No. 3:22-cv-284-JMK, Docket 13 (denying Plaintiff's motion to add unnamed federal authorities—allegedly involved in a conspiracy to conduct medical experimentation, prevent him from accessing medical care, and assist the state criminal courts in violating his rights—as defendants in his case).

[7] *Amina v. WMC Finance Co.,* 329 F. Supp. 3d 1141 (2018).

Case No. 3:24-cv-00275-RRB, *Schneider v. Unknown named Government of U.S.A.*
Order of Dismissal
Page 2 of 3
Case 3:24-cv-00275-RRB    Document 9    Filed 03/31/25    Page 2 of 3

4. Plaintiff must not file any future claims for which he lacks a sufficient legal or factual basis or any claims that previously have been dismissed with prejudice.

5. The Clerk shall issue a final judgment and close this case.

DATED this 31st day of March, 2025, at Anchorage, Alaska.

*/s/ Ralph R. Beistline*
RALPH R. BEISTLINE
Senior United States District Judge

Case No. 3:24-cv-00275-RRB, *Schneider v. Unknown named Government of U.S.A.*
Order of Dismissal
Page 3 of 3
Case 3:24-cv-00275-RRB    Document 9    Filed 03/31/25    Page 3 of 3